**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Marshall I. Kult,

Plaintiff,

v.

**Stipulation and Order**

Civil No. 00-CV-2525 (MJD/JGL)

Deluxe Corporation,

Defendant.

---

WHEREAS, it is anticipated that certain materials requested by Plaintiff and Defendant in the course of discovery will contain confidential information;

WHEREAS, the parties are willing to enter into a Stipulated Protective Order as a condition to the disclosure of such confidentiai information and/or he inspection of documents containing such confidential information;

WHEREAS, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents, while allowing the opportunity for reasonable discovery;

MAR 2 0 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

WHEREAS, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of this document, whenever that may be;

Now therefore it is hereby stipulated between the above-referenced parties to this action, through their respective counsel, as follows:

1. This Order shall apply to all materials and information designated as confidential under Paragraph 2, which have been, or which may be, produced by the parties to this Order during the course of discovery, and all copies, excerpts, or summaries of such documents produced. The above-referenced materials and information include, but are not limited to: a) documents, interrogatory answers, responses to requests for admission, and depositions, which are hereafter produced, given, or supplied by either party to this action; b) extracts and summaries prepared form such materials; c) all information contained in or obtained from such materials; d) those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to such material.

2. Any party may designate as "CONFIDENTIAL" any discovery materials which are produced in this case, the disclosure of which by the receiving party would, in good faith judgment of the party producing such materials, result in the disclosure of private information, trade secrets, proprietary information or other confidential information of the producing party, including but not limited to sensitive and/or private material related to persons not parties to this litigation, or the breach of the producing party's confidence to a client. (Discovery materials so

designated are hereinafter referred to collectively as "Confidential Discovery Materials.") Designation shall be made by stamping as "confidential" any document which is to be covered by this Stipulated Protective Order, by written designation on each item, and/or by designating deposition testimony as confidential by identifying the portion or portions of the deposition transcript to be considered confidential on the records during such deposition or within thirty (30) days after the party desiring such designation receives the transcript of such deposition.

3. Confidential Discovery Materials designated as "CONFIDENTIAL" shall not be used by or communicated to any person or entity for any purpose whatsoever except the prosecution or defense of this case. Confidential Discovery Materials may only be disclosed to the following persons:

a. The parties and attorneys of record or in-house counsel for parties in this actions and the staff or their respective law firms or in-house or legal departments working on this case;

b. Disclosed experts or consultants hired or consulted by such attorneys in connection with this case;

c. Officers, directors, partners, and employees of a party who are reasonably necessary to assist counsel in this case;

d. Persons noticed for depositions or designated as trial witnesses to the extent necessary for the preparation of the person's testimony in this case;

e. The Court and Court personnel in accordance with the procedures set forth in Paragraph 6 below; and

f. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

Counsel of record are responsible for employing reasonable measures to control, consistent with this Stipulated Protective Order, the duplication of, access to, and distribution of copies of confidential documents.

4. To the extent feasible, all Confidential Discovery Materials shall be designated and stamped "CONFIDENTIAL" prior to their production. In the event that a party inadvertently fails to properly designate any Confidential Discovery Materials, the producing party may designate those materials as "confidential" in conformance with Paragraph 2 hereof as soon as reasonably possible after the producing person becomes aware of the erroneous disclosure, and the Confidential Discovery Materials shall thereafter be treated in accordance with this Order by all receiving persons. Any disclosure of the inadvertently or unintentionally disclosed information prior to its designation as "confidential" shall not be a violation of this Stipulated Protective Order.

5. In the case of deposition testimony, counsel for the person being deposed shall, within thirty (30) days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning Confidential Discovery Materials as "CONFIDENTIAL." During this 30-day period, the entire transcript shall he treated as though it was designated "CONFIDENTIAL" and shall be disclosed only to those persons listed in Paragraph 3 above.

6. All Confidential Discovery Materials submitted to or filed with the Court in this action shall be submitted or filed under separate cover and shall be placed under seal. Such materials shall only be available to the Court and persons authorized by this Order. The envelope bearing Confidential Discovery Materials should bear the following description:

**CONFIDENTIAL**

**This envelope contains confidential information**

**subject to a Protective Order and is not to be**

**opened except pursuant to authority of the Court.**

7. This Order shall not prevent any Confidential Discovery Materials from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe.

8. No person who obtains access to Confidential Discovery Materials pursuant to Paragraph 3 above may disclose Confidential Discovery Materials to any person other than those permitted access under this Order, unless it first secures the written consent of the producing party, or obtains permission from the Court, upon motion and with notice to all parties.

9. As soon as practicable after the conclusion of trial and all appeals or any other termination of this action, all Confidential Discovery Materials shall be returned to the producing party or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed. The prohibitions of this Order which restrict the disclosure and use of Confidential Discovery Materials shall continue to be binding after the conclusion of this action.

10. Acceptance by a party of Confidential Discovery Materials shall not be construed as an admission that such materials actually contain confidential information.

11. The parties will make good faith attempts to resolve between themselves any disputes regarding particular designations of confidentiality. If the parties are unable to resolve any such dispute, any party may apply to the Court for relief from, or modification of, this

Order for the removal of the confidential designation from any discovery materials, or extracts or portions thereof, for reclassification of Confidential Discovery Materials or for further protection of Confidential Discovery Materials. The burden of persuasion regarding any party's confidentiality designation shall be governed by Rule 26(c) of the Federal Rules of Civil Procedure and the applicable case law. This Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged.

12. Nothing in this Order shall restrict the use or disclosure by any party of its own Confidential Discovery Materials.

IT IS HEREBY STIPULATED by and through counsel for the parties, that the Court may enter an ORDER as attached.

Dated: 19mar01

Attorneys for Plaintiff
Bertelson Law Office, P.A.
Beth E. Bertelson (#186806)
David J. Schaibley (#279250)
101 Union Plaza
333 Washington Ave. North
Minneapolis, MN 55401
(612) 278-9832

Dated: 3/14/01

Attorneys for Defendant
Dorsey & Whitney LLP
David Lauth (#14552X)
Michael Iwan (#28628X)
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1498

Upon consideration of the stipulation of the parties and the records and proceedings herein, the Court makes the following order:

**ORDER**

1. That the above-referenced Protective Order shall be in place for the duration of this dispute.

Dated: March 20, 2001

Honorable Jonathan G. Lebedoff
United States Magistrate Judge
District of Minnesota

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 3/98