**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**MARSHALL I. KULT,**

Plaintiff,

v.

**DELUXE CORPORATION,**

Defendant.

Civil No. 00-2525 (MJD/JGL)

**O R D E R**

---

APPEARANCES

Beth Bertelson, Esq., for Plaintiff.

Michael Iwan, Esq., for Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on June 26, 2001 on Plaintiff's Motion to Amend the Complaint to Add eFunds Corporation as a Defendant. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff brought this lawsuit against Deluxe Corporation ("Deluxe"), his former employer, alleging disparate treatment under the Age Discrimination in Employment Act. Plaintiff was employed by Deluxe from

FILED JUN 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

April 1, 1968 until his termination on June 1, 1998. As grounds for the instant motion, Plaintiff asserts that eFunds Corporation ("eFunds") was directly involved in the discriminatory acts alleged in the complaint. According to Plaintiff's motion papers, Deluxe and eFunds operated as one corporation until either June or January 2001, when Deluxe and eFunds divided into two separate corporations. Plaintiff submits that both entities should be responsible for the allegedly unlawful acts. Defendant Deluxe responds that eFunds did not even exist at the time of the alleged discrimination.

Federal Rule of Civil Procedure 15(a) governs a party's right to amend its pleadings, and leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts have taken a liberal position in granting leave to amend, and motions usually should be granted absent good reason for a denial "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). Furthermore, likelihood of success is not a consideration for denying leave to amend unless the amendment avers "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994).

The Court notes that the proposed amended complaint does not include any of the factual allegations linking eFunds to Deluxe, which Plaintiff recited in support of his motion to amend. However, the Court cannot consider the likelihood of Plaintiff's success against eFunds as measured by the sufficiency of the complaint; such consideration would be appropriate in the context of a dispositive motion. Furthermore, the Court finds no evidence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the non-moving party, or futility of amendment. While Plaintiff's claim against eFunds eventually may be proven to be factually groundless or legally meritless, Defendant has not shown that the amendment would be clearly frivolous or futile. Moreover, Defendant provides no legal basis for its position. Accordingly, Plaintiff's motion is granted.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc.

No. 11) is **GRANTED**, and Plaintiff is ordered to file and serve the Amended Complaint by July 13, 2001.

Dated: June 29, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge