**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**MARSHALL I. KULT,**

Plaintiff,

v.

**DELUXE CORPORATION and EFUNDS CORPORATION,**

Defendants.

---

Civil No. 00-2525 (MJD/JGL)

**O R D E R**

APPEARANCES

Beth Bertelson, Esq., for Plaintiff.

Michael Iwan, Esq., for Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on December 20, 2001 on Plaintiff's Motion to Compel Discovery from Defendants The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff Marshall Kult brought this lawsuit against Deluxe Corporation ("Deluxe"), his former employer, alleging disparate treatment under the Age Discrimination in Employment Act. Kult was employed by Deluxe

DEC 21 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

from April 1, 1968 until his termination on June 1, 1998. On July 3, 2001, Kult added eFunds Corporation ("eFunds") as a defendant, alleging that eFunds was directly involved in the discriminatory acts alleged in the original complaint. According to Kult, Deluxe and eFunds operated as one corporation until either June or January 2001, when Deluxe and eFunds divided into two separate corporations.

In the present motion, Kult seeks to compel four categories of information from Defendants Deluxe and eFunds: (1) information relevant to whether Kult was the most qualified candidate, (2) information about discrimination claims brought by other employees, (3) background information on Defendants' workforce, and (4) information regarding Defendants' internal hiring policies. Because Kult requires the information forthwith in order to respond to Defendants' summary judgment motion, the Court will not engage in an extensive discussion.

**Information Relevant to Whether Kult Was the Most Qualified Candidate**

At the hearing, Kult narrowed this category to Document Requests 16 and 27 and Interrogatories 23-25. As to Document Request 16, the Court orders Defendants to produce relevant, non-confidential personnel data such as résumés and performance reviews for the time period from January 1, 1997 to the present and for the Shoreview, Minnesota facility in which Kult worked. Defendants may invoke the protections of the protective order if appropriate.

With respect to Interrogatories 23 and 24, Kult essentially seeks information from hiring managers, some of whom no longer work for Defendants. First, the Court finds that some of the information sought is not suited to an interrogatory response, given that Kult seeks the subjective "opinions and positions" of individuals. Second, Kult has not adequately explained how Defendants' responses are insufficient or how Defendants should otherwise obtain responsive information from former employees. The Court recognizes that Defendants have attempted to provide the information from former employees in the form of affidavits. Kult's motion is denied as to Interrogatories 23 and 24.

As to Interrogatory 25 and Document Request 27, Kult's motion papers and oral argument did not specify precisely what information remains to be produced. Furthermore, Defendants indicated in their opposition papers that they supplemented their answer to Interrogatory 25 and agreed at the hearing to produce relevant, non-confidential data from personnel files. Although some of the information requested in the interrogatories appears relevant, Kult's motion is denied because he has not presented the Court with sufficient facts or argument regarding what discovery remains incomplete.

**Information about Discrimination Claims Brought by Other Employees**

Kult seeks information about discrimination or other employment-related legal claims brought by employees against Defendants. The Court finds

that Kult is entitled to the information sought in Interrogatory 5 and Document Request 7 with two limitations. Defendants must produce information only for the time period from January 1, 1997 to the present and for the Shoreview, Minnesota facility in which Kult worked.

**Background Information on Kult and Other Employees**

At the hearing, Kult narrowed this category to Interrogatories 11 and 18-21 and Document Requests 30-33, 39, and 40. The Court finds that the following discovery requests seek relevant information and orders Defendants to respond, subject to the temporal and geographic limitations prescribed above: Interrogatories 11, 18, 19, and 20 and Document Requests 30, 31, 32, 33, and 40. In accordance with the parameters described in Kult's motion papers, Defendants must produce only information such as ages, titles, dates of employment, qualifications, résumés, work performance, performance reviews, and disciplinary measures; Defendants need not produce entire files containing irrelevant or confidential information. In addition, the Court agrees with Defendants that some of the requests are facially duplicative. Thus, if Defendants have provided the information in a prior response, either before or pursuant to this Order, they may answer by directing Kult to the applicable response. This instruction applies to all discovery compelled by this Order.

Kult's motion is denied as to Interrogatory 21. The interrogatory is unacceptably duplicative and overly broad. Kult's motion is also denied as to

Document Request 39. Kult has not clarified his definition of the phrase "workforce analysis," despite Defendants' objection on that basis. Consequently, not only are Defendants unable to respond, but the Court is unable to determine what documents would be relevant.

**Information Regarding Defendants' Internal Interviewing Policy**

Kult noted at the hearing that this category of information relates only to Document Request 26. Defendant is ordered to produce documents related to its centralized job posting procedures and internal interviewing policies, if such documents exist. Defendants must produce information only for the time period specified in the interrogatory (1998) and only for the Shoreview, Minnesota facility in which Kult worked.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. No. 23) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order. Defendants must comply with this Order by January 7, 2002.

Dated: December 21, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge