UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Marshall I. Kult,

Plaintiff,

v.

Deluxe Corporation, and
eFunds Corporation,

Defendants.

Civil File No. 00-CV-2525 (MJD/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendants' motion for summary judgment on Plaintiff's claims of age discrimination in employment. For the following reasons, the Court denies Defendants' motion.

**INTRODUCTION**

Plaintiff Marshall I. Kult ("Kult") commenced the underlying action, alleging that Defendants Deluxe and eFunds ("Deluxe"), his former employers, discriminated against him on the basis of age when they terminated his employment and failed to hire him into another position. Kult's cause of action alleges violation of the anti-age discrimination provision of both the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and the Minnesota Human Right Act ("MHRA"), Minn. Stat. § 363.01.

Kult is a former employee of Defendant Deluxe Corporation, where he worked as supervisor of the technical documentation area of the Corporate Communications Group. He also worked for the people and projects of what is now known as eFunds Corporation.

APR 29 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

See Am. Compl., ¶ 1. In 1998, Deluxe eliminated the department headed by Kult. Displaced employees were allowed to find alternative positions at Deluxe within a period of time. See Pl's. Ex. 4. According to Deluxe, the elimination is part of a cost reduction effort resulting in more than a 50% reduction in its work force, or reduction in force ("RIF"). Some of the employees in the eliminated department found similar work elsewhere in Deluxe. Alexander Dep. at 21, 29-30. Deluxe did not hire Kult after the elimination. At the time of the termination, Kult was 50 year old and had worked in Defendants' company for 30 years.

The parties dispute the reason why Kult was not hired in another position within Defendants' company. Kult alleges that the decision was based on age discrimination. After his employment at Deluxe ended, he filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and subsequently commenced the underlying lawsuit alleging unlawful discrimination based upon age. Defendants now move for summary judgment.

**DISCUSSION**

**A. Standard**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for

summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik, 47 F.3d at 957. The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996).

**B. Age Discrimination**

The ADEA and the MHRA prohibits an employer from discriminating against employees on the basis of age. 29 U.S.C. § 623(a)(1); Minn. Stat. § 363.03. When claims of discrimination are based on circumstantial evidence, the court applies the burden shifting scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (8th Cir.1973); see also Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1208 n. 6 (8th Cir.1007) (reviewing MHRA claim under same standards as ADEA claim).

First, Kult must establish a prima facie case of age discrimination. In the context of a RIF, he must establish that (1) he is a member of a protected class; (2) he met the applicable job qualifications; (3) he was discharged; and (4) there is some additional evidence that age was a factor in his termination. Herrero v. St. Louis Univ. Hosp., 109 F.3d 481, 483-84 (8th Cir. 1997).

If Kult establishes a prima facie case of age discrimination, the burden of production shifts to Defendants to articulate a legitimate, nondiscriminatory reason for the adverse employment action taken against Kult. McDonnell Douglas Corp., 411 U.S. at 802. If

Defendants put forth such a reason, then Kult must present evidence sufficient to raise a question of material fact as to whether that proffered reason was pretextual and to create a reasonable inference of a discriminatory purpose in the adverse employment decision. Keathley v. Ameritech Corp., 187 F.3d 915, 919 (8th Cir.1999); see also Reeves v. Sanderson Plumbing Prod., 530 U.S. 133147 (2000). At all times, the burden of persuasion remains with Kult. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981).

Defendants dispute only the final prong of the prima facie case, and conflate its argument with Kult's burden of demonstrating that its reason for termination–the RIF–was mere pretext. Essentially, Defendants argue that Kult has failed to provide an "additional showing" that age was a factor in his termination. Defendants further argue that it has a legitimate, non-discriminatory reason for Kult's termination. Defendants assert that the termination was based on a legitimate business decision to eliminate Kult's entire technical documentation department in 1998. As a result, the work previously handled in the technical documentation department was either consolidated with a larger existing group in the Marketing Department or addressed on an as-needed basis. Defendants assert that this was more cost-effective for the company.

Kult does not address the final prong of his prima facie burden in his submissions to the Court. Nevertheless, the Court must analyze whether the evidence Kult offers satisfies this burden. Kult presents the following evidence to support his claim of discrimination: (1) his application for nine positions at Defendants' company and failure to receive an interview

for any of them; (2) a statement made by a recruiter at a job fair; and (3) the hiring of a younger employee in a specially-created position that was similar to his former position.

1. Kult's Applications

It appears from the record that initially, six of the ten employees in Kult's Technical Writing Department were rehired into other positions within the company. All of those rehires were younger than Kult. Pl's. Ex. 25. Plaintiff alleges that he, too, applied for positions with the company, but was denied interviews, even after some hiring managers expressed initial interest for him to apply. Plaintiff asserts that this violates the company's policy for hiring managers to interview qualified internal candidates before external candidates. Plaintiff also asserts that of the positions filled, Defendants filled them with younger employees, many of them external candidates. Plaintiff asserts that he was qualified for the positions. Plaintiff also asserts that Defendants failed to retain the requisite employment records of job applicants in violation of the ADEA, and indeed, failed to do so in the case of his job applications.

Defendants assert that Plaintiff was not hired for the positions because (1) he was not qualified for the job; (2) he never applied for the job; or (3) the job was never filled. Specifically, Defendants assert that Kult was not qualified for the jobs of Information Planner, Media Delivery Specialist, and Sr. Development Methods Specialist. Defendants assert that Kult never applied for the jobs of Human Resource Generalist, Technical Writer, Team Lead Direct Market, and Performance Support Specialist. Defendants further assert

that the jobs of Sr. Staffing Specialist and Team Manager were never filled.

2. Statement By Recruiter

Kult also alleges that he and a co-worker, Joe Varghese ("Varghese"), attended a job fair in St. Paul. Deluxe had a booth and three recruiters at that job fair. According to Kult, he and Varghese began a conversation with the recruiters. Kult and Varghese discussed with them how "awkward" it was that they were looking for a job at the same time Deluxe was recruiting. Kult Dep. at 124. Then, Kult alleges that one of the recruiters, Donna Bjorklund ("Bjorklund"), said that the younger people at Deluxe that are hiring view people like Kult and Varghese as "dinosaurs," that they do not want to hire people like them, and that they want to hire other younger managers. Id. at 124, 127. Although there is some evidence that Bjorklund has hiring responsibility for customer service representatives, on this record, it is not clear what role Bjorklund holds in the decisionmaking process with respect to hiring generally, and in particular, with respect to Kult's former job or the jobs for which he later applied.

Varghese recalls the discussion about how awkward the job fair recruiting situation was, but he does not remember Bjorklund's use of the term "dinosaur," or a subsequent telephone conversation in which Kult reiterated use of the word "dinosaur." Varghese Dep. at 16. In his deposition, Varghese stated, "I don't remember that word. If he said that, I don't remember that particular word, no. We did talk about the fact that Donna said something like that, but I don't remember what words she used." Id. Later, Varghese was rehired by

Defendants after Plaintiff filed his EEO charge in this matter. Pl. Ex.s 1 & 21.

3. Hiring of Brytowski

Plaintiff also alleges that about one year after terminating Kult, Defendants recreated his old job and hired a younger person into that job. In the fall of 1999, Defendants created the position of "Technical Publication Manager." Defendants hired Tom Brytowski ("Brytowski"), who was 38 years old at the time and 15 years younger than Kult, into the position. Plaintiff asserts that the only distinction between the new position and the old position was that the new position required some computer software and mainframe skills. Brytowski received these skills on the job starting in 1998. Brytowski Dep. at 26-7.

Based on the foregoing, the Court concludes that Kult has provided facts sufficient to establish his prima facie case. In turn, Defendants have offered evidence that Kult's termination was the result of a legitimate business decision for a RIF. Nevertheless, Plaintiff has presented disputed issues of material fact relevant to the issue of pretext. Viewing the evidence in the light most favorable to Plaintiff, Kult has presented evidence of Defendants' recruitment efforts at a time it implemented the RIF, a recruiter's perception that the company's hiring managers viewed employees such as Kult as "dinosaurs" within the company, his own failed attempts to apply for another position within the company, and the re-creation of a job position strikingly similar to his eliminated job position within approximately a year of the RIF. The Court concludes that this evidence is sufficient to preclude summary judgment.

**CONCLUSION**

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Clerk Doc. No. 33) is **DENIED**.

Dated: April 26, 2002

Michael J. Davis
United States District Court Judge